Andre **WATLEY**, Appellant,

v.

**UNITED STATES**, Appellee.

Nos. 03–CF–325, 05–CO–1020.

District of Columbia Court of Appeals.

Argued Nov. 29, 2006.

Decided March 22, 2007.

---

Brigitte L. Adams, appointed by the court, for appellant.

T. Patrick Martin Assistant United States Attorney, with whom Kenneth L. Wainstein, United States Attorney at the time the brief was filed, Roy W. McLeese III, John K. Han and Tricia D. Francis, Assistant United States Attorneys, were on the brief for appellee.

Before GLICKMAN and BLACKBURNE–RIGSBY, Associate Judges, and KING, Senior Judge.

BLACKBURNE–RIGSBY, Associate Judge:

Appellant, Andre Watley, was convicted under D.C.Code § 48–904.01(a)(1) (2001) for possession of cocaine with intent to distribute. Appellant's subsequent motion to vacate his conviction pursuant to D.C.Code § 23–110 (2001) on the basis of ineffective assistance of trial counsel was denied. We have consolidated Watley's appeal from that denial with the direct appeal of his conviction. Appellant's claim that his counsel was ineffective in failing to file a Fourth Amendment suppression mo-

tion has sufficient facial merit to require a hearing; therefore, we reverse and remand for the trial court to conduct a hearing on appellant's § 23–110 motion.

## I.

According to the government's evidence at trial, on January 9, 2002, at approximately 9:35 p.m., Officer Dwayne Johnson observed appellant and two other men on the 700 block of 6th Street N.W. At the time, Officer Johnson had been a Metropolitan Police Department police officer for approximately twelve years. Officer Johnson observed appellant and the two other men walk from the well-lit street to the nearby construction site of a partly demolished building. The three men were standing in the periphery of the construction lighting, and were neither completely illuminated, nor completely in the dark. After watching the men for five to ten minutes, Officer Johnson observed appellant engage in a hand-to-hand transaction with one of the men. The officer could not see what was exchanged. Officer Johnson then observed the same man light what the officer believed was a crack pipe. After seeing this, Officer Johnson radioed for back-up.

When the back-up units arrived, Officer Johnson directed them to stop the three men in question. Officer Johnson then walked directly to the appellant and asked, "Who are your two friends?" and "You know their names?" The appellant remained silent. Officer Johnson testified that appellant had a shocked demeanor during this questioning. Officer Johnson then took appellant to a nearby police cruiser, instructed appellant to move his legs apart and tugged on the back of appellant's belt twice—for "officer's safety"—whereupon two zip-lock bags with a white rock-like substance fell to the ground from appellant's left pant leg. Officer Johnson then placed appellant in handcuffs and searched his leg area, where

the officer found a black film canister containing a rock-like substance, which tested positive for a cocaine base. Officer Johnson also found $282.00 in cash in appellant's left pant pocket.

## II.

■ Appellant did not file a motion to suppress evidence in the trial court. "A motion ... to suppress evidence shall be made before trial unless opportunity therefore did not exist or the defendant was not aware of the grounds for the motion." D.C.Code § 23–104(a)(2) (2001). "Failure to file a motion to suppress before trial is treated as a waiver of any claim that the evidence was unlawfully seized, absent a showing of exceptional circumstances." *Olafisoye v. United States,* 857 A.2d 1078, 1085 (D.C.2004). Appellant does not claim, nor can he, that any exception is applicable in this case. Accordingly, appellant has waived the issue on appeal; therefore we are precluded from considering this argument on direct appeal. *Id.*

Appellant contends that his trial attorney's failure to file a motion to suppress the evidence of cocaine constituted ineffective assistance of counsel and he is, therefore, entitled to a reversal of his conviction. To show ineffective assistance of counsel, a convicted defendant must satisfy two components. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, he must show that his trial counsel's assistance was below an objective standard of reasonableness under prevailing professional norms.[1] *Id.* at 687–88, 104 S.Ct. 2052. Second, the defendant must show that there is a reasonable probability that the error affected the outcome of the trial to his prejudice. *Id.* at 687, 104 S.Ct. 2052.

■ The trial court judge, in denying appellant's § 23–110 motion, found that trial counsel's performance was not deficient because "[his] preparations for trial, which included interviewing defendant Watley several times and reviewing discovery and plea materials, provided an adequate basis for [him] to determine that there was no legal basis to file a motion to suppress." Trial counsel explains in his affidavit that he and appellant "agreed to proceed to trial on the theory that the drugs that were seized from [appellant] on his arrest date were for his personal use [and not for distribution]." He goes on to state that he "reviewed the materials that were provided to [him] in order to determine if any pretrial motions should be filed ... [and] determined that there was no legal basis to file a motion to suppress the evidence[.]" We disagree and find that the facts in the trial record show, at a minimum, that a sufficient legal basis for filing a motion to suppress did exist.

■ The facts in the trial court record show that while it is likely that appellant's behavior was sufficient to give rise to a reasonable suspicion of criminal activity, and thereby justify the officer's *Terry*[2] stop, it is unlikely that this behavior was sufficient to justify the officer's *search* of appellant. The police cannot conduct a search of a suspect, validly detained under *Terry,* unless the officer is " 'able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous.' " *Prince v. United States,* 825 A.2d 928, 931 (D.C.2003) (quoting *Sibron v. New York,* 392 U.S. 40, 64, 88

---

[1] There is a strong presumption that counsel's representation of the client falls within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052. Failure to file even a meritorious motion to suppress evidence does not constitute *per se* ineffective assistance of counsel. *Kimmelman v. Morrison,* 477 U.S. 365, 382, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986):

[2] *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

S.Ct. 1889, 20 L.Ed.2d 917 (U.S.N.Y. 1968)); *see also Upshur v. United States,* 716 A.2d 981, 983–84 (D.C.1998).

Although appellant's conduct may have generated a reasonable suspicion of criminal activity, there is little particularized evidence on the record to suggest that appellant was armed and dangerous. Officer Johnson's trial testimony made clear only that he suspected appellant possessed illegal drugs. Officer Johnson pointed to no "particular facts" from which he reasonably believed that appellant was armed and dangerous. The only reference to any safety concern was Officer Johnson's statement that he tugged on appellant's belt for "officer's safety." Such a generalized statement, without supporting evidence, is likely insufficient to justify the frisk, as this court has consistently held that there must be particular, articulable facts justifying a reasonable suspicion of danger in order to support a protective frisk. Officer Johnson pointed to no particular facts justifying a suspicion of weapons or danger, nor is there any evidence in the record that appellant was armed or posed a danger. The record before us does not "conclusively show" that appellant would have been "entitled to no relief" on his motion to suppress, D.C.Code § 23–110(c); therefore a hearing was necessary "to conclude definitively [whether] the motion to suppress would have been granted." *Hockman v. United States,* 517 A.2d 44, 52 (D.C.1986). Had the motion been granted, the suppression of the cocaine evidence would likely have undermined the prosecution's case and therefore, there was a reasonable probability that the failure to file the motion affected the outcome of the trial and prejudiced appellant. *Strickland,* 466 U.S. at 692–94, 104 S.Ct. 2052.

"[W]here the court is faced with a claim of ineffective assistance of counsel, the statute creates a presumption that a hearing should be held...." *Long v. United States,* 910 A.2d 298, 308 (D.C.2006) (citing *Newman v. United States,* 705 A.2d 246, 261 (D.C.1997)). "Unless the motion and files and records of the case *conclusively show* that the prisoner is *entitled to no relief,* the court *shall* cause notice thereof to be served upon the prosecuting authority, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto." D.C.Code § 23–110(c) (emphasis added). While the decision whether to hold a hearing is within the trial court's discretion, the scope of that discretion is narrow. *Long,* 910 A.2d at 308. A trial court's denial of a § 23–110 motion without a hearing can only be affirmed if the claims "(1) are palpably incredible; (2) vague and conclusory; or (3) even if true, do not entitle the movant to relief." *Id.*

As the record currently stands, it does not "conclusively show" that appellant is "entitled to no relief" on his ineffective assistance of counsel claim. D.C.Code § 23–110(c). Accordingly, we find that the trial court abused its discretion in denying appellant's § 23–110 motion without a hearing. Where no motion to suppress was filed in the trial court, and the government has not had an opportunity to supplement the record in opposition to any such motion, we do not reverse appellant's conviction outright, but we vacate the order denying his § 23–110 motion and remand the case to the Superior Court for further proceedings on the motion in accordance with our opinion.[3]

*So ordered.*

---

**3.** Since appellant's direct appeal is not prop-

erly before us by virtue of his waiver of his

Fourth Amendment claims below, we dismiss the direct appeal.